## Freeman *vs.* Auld.

A lien can not attach, under a mortgage, for a larger sum than that actually loaned; and payment can not be enforced by the mortgagees, or their assignees, even as trustees for the original mortgagors, for the amount not actually advanced; although the latter have credited their grantees with the whole amount specified in the mortgage, on the purchase money.

And where a purchaser of premises subject to a mortgage nominally for $4000 but upon which only $2000 had been advanced, was informed before his purchase, that the mortgage was claimed as a lien for the whole amount, and after making the contract of purchase, he paid to the holders of the mortgage the interest upon the mortgage, on the sum of $4000: *Held* that this did not affect the principle above mentioned.

However members of the court, at general term, may be disposed to question on a record of appeal, the decision made in the same case, at a previous general term, unless such appeal presents facts different from those on which the former decision was founded, the judgment appealed from should be the same as before.

APPEAL by the defendant, Thomas Auld, from a judgment of foreclosure and sale, rendered at a special term. The cause has been twice tried. The facts, as they appeared

on the former trial are stated in the report of the case on appeal to the general term, where a new trial was granted, 37*th Barbour's Rep.* 587. In addition to those facts it was shown on the second trial, before Justice ALLEN, at the New York special term, in February, 1863, that by a deed dated July 27, 1859, Coyle, for the consideration of $5000, expressed therein, conveyed the mortgaged premises to Auld subject to this mortgage, stating it to be for the sum of $4000, and another mortgage for $1000. The sum of $4000, for the mortgage in suit, was deducted from the consideration or purchase money. The defendant Auld was informed by the officers of the Home Insurance Company that they had advanced to Allen & Stevens, the mortgagors, only $2000 on the mortgage. He was also informed, before he purchased the mortgaged premises, that the mortgage was claimed as a lien to its full amount; and after making the contract of purchase, with Coyle, and before he received his deed, he paid to Allen & Stevens $93.33, for the interest upon the mortgage for four months, on the sum of $4000.

Before the commencement of this suit, Auld tendered to the plaintiff $2000 and interest, in payment of the mortgage, which was refused, on the ground that the plaintiff claimed as due thereon $4000 and interest.

Upon these facts the judge decided that the plaintiff could only enforce the mortgage for $2000 and interest. The plaintiff excepted, and appealed from so much of the judgment as denied his right to enforce the mortgage for its full amount.

*J. H. Reynolds*, for the appellant. I. The only question raised by this appeal is, whether the mortgage held by the plaintiff, and sought to be foreclosed, is a lien on the premises, and can be enforced against them for $4000 and interest, or only to the extent of $2000 and interest, and involves no question as to the personal liability of the defendant Auld, to pay any part of the mortgage; but it is claimed that the

land is subject to the payment of the full amount of the mortgage, with interest and costs. 1. Allen & Stevens, the mortgagors, on the 25th of February, 1859, at the time of the execution of the mortgage to the Home Insurance Company, were the owners in fee simple of the mortgaged premises, and as such had the legal right to charge it with the lien of any specific incumbrance they thought proper, which would bind the land in the hands of any subsequent grantee having actual or constructive notice of the incumbrance. 2. By the mortgage in question (which was recorded March 3, 1859,) they did so charge the land with an incumbrance to the amount of $4000, and this was a lien upon the premises on the 1st of March, 1859, when they conveyed the lot to Henry L. Bulkley. The Home Insurance Company, to whom the mortgage was given and by whom it was held, had advanced but $2000 upon it, and they could not enforce it as against the mortgagors for any greater amount. 3. In this condition of things, if Allen & Stevens had continued owners of the equity of redemption, it is not denied that the Home Insurance Company could not have enforced the mortgage against them as security for any greater sum than $2000 and interest. But instead of permitting this state of things to remain, Allen & Stevens negotiated a sale of the premises to Bulkley, upon the basis that the mortgage was a lien to the full extent of $4000, and Bulkley agreed to give $5000 for the lot, and from this purchase money $4000 was deducted on account of the mortgage in question, which Bulkley assumed and agreed to pay as a part of the purchase money. The deed to Bulkley was recorded on the 4th of March, 1859, in which the foregoing facts were recited. 4. By this transaction it is undeniable, as a matter of law, that Bulkley became personally bound to pay $4000, as a part of the purchase money of the premises, on account of the mortgage in question, and the land in his hands was charged with a lien to that amount, and no valid reason can be assigned why the mortgage could not have been enforced against him, and the

land for the $4000, which he had expressly assumed and agreed to pay as a part of the purchase money of the premises. (*Trotter* v. *Hughes*, 12 *N. Y. Rep.* 74.) 5. Although the Home Insurance Company at this time held the mortgage, as between it and Allen & Stevens, for but $2000, it is clear, according to the plainest equity, that as between the Insurance Company and Allen & Stevens on the one side, and Bulkley on the other, the land was bound for $4000. Allen & Stevens, independent of any mortgage, had a lien upon the land for any unpaid purchase money, and this mortgage for $4000 represented the amount of the unpaid purchase money, so far as Bulkley was concerned. (*Wil. Real Estate*, 114, 115. *Sugden on Vendors*, 857. *Garson* v. *Green*, 1 *John. Ch. R.* 308. *Clark* v. *Hall*, 7 *Paige*, 382. *Hallock* v. *Smith*, 3 *Barb.* 267. *Watson* v. *Le Row*, 6 *id.* 484. *Champion* v. *Brown*, 6 *John. Ch. R.* 402.) 6. And where an equitable lien for the purchase money of land exists against the vendee, it also exists against subsequent purchasers and incumbrancers, where they advance no new consideration or have notice. (*Hallock* v. *Smith*, 3 *Barb.* 267. *Mackreth* v. *Symmons*, 15 *Vesey*, 329. *Lead. Cas. in Eq.* 233, *note.*) 7. If proceedings had been commenced against Bulkley by the insurance company, acting for itself and as trustee for Allen & Stevens, or with their assent and for their benefit, to enforce the lien of the mortgage to the extent of $4000, it is not perceived upon what principle Bulkley could have defended, and had the land discharged from the lien without payment, or Allen & Stevens had the right to proceed to enforce their claim as to the $2000 not advanced by the insurance company on the mortgage, as so much of the purchase money which Bulkley agreed to pay. 8. Having this right to pursue the land for the unpaid purchase money, it was competent for them to agree with Bulkley to pay the whole $4000 represented by the mortgage, and to charge the land in his hands with a lien to that amount, although but $2000 had been advanced by the holder of the mort-

gage, and thus giving Allen & Stevens, as against the mortgaged premises and as against Bulkley, an interest of $2000 in the mortgage, which a court of equity would protect and enforce. 9. In April, 1859, Bulkley conveyed to Coyle, for the consideration of $7500, and gave the conveyance subject to the mortgage in question for $4000, which sum of $4000, for the mortgage, was deducted from the purchase money, and this appears from the deed recorded on the 7th of April, 1859. By this transaction Coyle became personally liable to Bulkley for the payment of the $4000, represented by the mortgage, and the land in his hands was subject to a lien for that amount, one half belonging to the Home Insurance Company, and the other to Allen & Stevens. And this, it is submitted, was the condition of the rights and equities of the parties when the defendant Auld took a conveyance of the premises.

II. It can not be controverted that Auld, before he purchased, had notice of the claim now made on the part of the plaintiff, to its fullest extent. The recorded deeds to Bulkley and Coyle gave him constructive notice, and besides he was informed before he purchased that the mortgage was claimed as a lien to the extent of $4000, and what is more, he actually paid interest upon it to Allen & Stevens as a mortgage to that amount, and he agreed to take the premises subject to the mortgage of $4000, and this amount was deducted from the purchase money. Nothing, therefore, can be more just than that the premises in his hands should be subject to the payment of the mortgage to this amount, as it fully carries out the agreement of all the parties. It is entirely clear that Auld has no equity in his defense. If the plaintiff succeeds, he will only be compelled to perform what he agreed to do upon ample notice of the extent of the claim. If on the contrary, his defense prevails, he will get the premises for $2000 less than he expected and agreed to pay for them. He is in no condition to urge his defense on the ground that he is a bona fide purchaser. He had notice, and

Freeman *v.* Auld.

paid nothing for so much of the purchase money as is represented by the $2000 in controversy. No personal claim is made against him. It is only claimed that the premises shall discharge the lien, subject to which he took the conveyance. He, as well as Bulkley and Coyle, are estopped from alleging that any less sum than $4000 is due on the mortgage; because they have each agreed to take the premises subject to the payment of that amount as a part of the purchase money.

III. The plaintiff has succeeded to all the equitable rights of Allen & Stevens, and should be permitted to enforce them in this action. 1. He paid the Home Insurance Company the amount due them on the mortgage. 2. And he paid Allen & Stevens for their interest therein as against the land, by extinguishing so much of their debt due from them to him. 3. This was done with the view and for the purpose of acquiring the right to enforce the mortgage to its full amount. By this means he acquired all the equitable rights of Allen & Stevens, against the premises, which arise by the conveyance of the premises under the agreement that the mortgage, to the extent of $4000, was to be paid as a part of the purchase money, as well as their equitable right of lien for so much of the unpaid purchase money as was due them in the conveyance to Bulkley. 4. It can not be denied that Allen & Stevens, under the agreement and sale to Bulkley, had a lien for unpaid purchase money, due to them to the amount of the $2000 in dispute, which they could, independent of any mortgage, have enforced against the land in the hands of Bulkley and his grantees, not paying value and with notice, and Auld stands in no better or different condition than Bulkley. 5. This right and interest was purchased by the plaintiff from Allen & Stevens, for a valuable consideration, and a written transfer was not necessary, to enable him to prosecute the claim. 6. If there is any infirmity in the plaintiff's title to the rights and equities of Allen & Stevens, it is not for

the defendant Auld to make the objection.    None but Allen & Stevens can be heard in that objection.    They are parties to the suit, and acquiesce in the plaintiff's demand, and the court can give judgment, which will do justice and finally determine every right in dispute.

IV. The case on the last trial was changed in the very particulars which occasioned the new trial.    1. It did not appear before that the amount of this mortgage to the extent of $4000 was deducted from the purchase money agreed to be paid by Bulkley, Coyle and Auld to his immediate grantor. That fact now appears.    2. It did not appear before as it does now, that Auld had full and actual notice before he purchased, of the extent of the plaintiff's claim, and that he recognized it by paying interest to Allen & Stevens for and on the amount of $4000.

The judgment should be reversed or modified in the particulars appealed from, and judgment of foreclosure ordered for $4000, with interest and costs.

*R. M. Harrington,* for the respondent.    I. The court, upon the hearing of this appeal, will not reverse its decision heretofore given in the same action, upon the same substantial state of facts as appeared on the appeal, wherein their decision was given.    (*See Freeman* v. *Auld,* 37 *Barb.* 587.)

II. If the court, upon this appeal, shall come to the conclusion that the facts appearing by the present return are so far unlike the case presented, in which their opinion has been given, and that they will again review the facts and exceptions, then it will be claimed that the plaintiff is not to be regarded as having paid a consideration for the assignment beyond the sum of $2000.    The crediting the firm of Allen & Stevens with the remaining $2000, upon an old open account, furnishes no new consideration that the court will uphold. The assignment of the mortgage to the plaintiff was on the 31st day of December, 1859, while Allen & Stevens were not

credited in the plaintiff's account until the 22d March, 1860. No agreement made between the plaintiff and Allen & Stevens, without the concurrence of the defendant, would create a liability against him or his estate, or deprive him of any legal or equitable defense he would have against the insurance company, if the mortgage had not been assigned, or make the plaintiff a *bona fide* purchaser. The standing of the plaintiff in court is the same as the standing of the company would have been if the action had been prosecuted by the insurance company instead of the present plaintiff. (*Pendleton* v. *Fay,* 2 *Paige,* 202. *Coles* v. *Jones et al.,* 2 *Vernon,* 691. *Turton* v. *Benson, Id.* 764. *Norton* v. *Rose,* 2 *Wash. Va. R.* 233. *Mott* v. *Clark,* 9 *Barr's Pa. R. Trotter* v. *Hughes,* 2 *Kernan,* 74. *Belmont* v. *Coleman,* 21 *N. Y. Rep.* 96.)

III. If the plaintiff shall only be entitled to foreclose the mortgage for the sum of $2000 and the interest on that sum, and the defendant, before suit brought, having tendered to the plaintiff all that he was equitably entitled to recover, the plaintiff is not entitled to the costs of the action, but should pay the costs of the defendant Auld, in defending this unjust claim. (*Freeman* v. *Auld,* 37 *Barb.* 587. *Van Buren* v. *Olmstead,* 5 *Paige,* 9.)

IV. The assignment of the cause of action to the plaintiff, did not carry with it an assignment of an equitable lien of the vendors for any unpaid purchase money, and in this action no such claim is made or counted upon. (1 *Lead. Cas. in Eq.* 367, 369.)

V. His Honor Justice Leonard's dissenting opinion in this action, at page 594, is based solely upon the assumed fact by him that — "*Auld did not make inquiry of the right party, as to the amount due or advanced on the mortgage. He should have made inquiries of the holder of the mortgage, not of the insurance company, who had ceased to hold it, or have any interest therein.*" This was not the fact; the case

before his Honor Justice Leonard, showed conclusively that *before* Auld took his title from Coyle, which was on the 1st of August, 1859, he went to the insurance company, who then held the mortgage, and made inquiries as to the amount advanced, and was informed that but $2000 had been advanced, while the company did not assign the mortgage until the 31st December, 1859, being four months after the inquiries.

*By the Court*, CLERKE, J. However members of this general term may be disposed to question the decision in this case at a previous general term, unless this appeal presents facts different from those on which the former decision was founded, the judgment must be affirmed.

That decision was founded on the fact that only $2000 were advanced by the mortgagee to the mortgagor, and that, although $4000 were set forth as the sum loaned, in the bond and mortgage, and although when the defendant Auld purchased the mortgaged premises, the whole amount of $4000 was deducted from the purchase money, and accordingly allowed or credited, by his grantor to him, yet, as the lien attached only for the $2000, the judgment in this foreclosure suit could only be for that sum. The decision being placed on this ground, it would have made no difference, if it had been proved, at the first trial, as it has been at the second, that the defendant Auld was informed before his purchase of the mortgaged premises, that the mortgage was claimed as a lien for the whole amount, and that, after making the contract of purchase from Coyle, and before he received his deed, he paid to Allen & Stevens $93.33 for the interest upon said mortgage, for four months, on the sum of $4000. This could not affect the principle that a lien can not attach under a mortgage for a larger sum than that actually loaned, and that payment of the whole sum could not be enforced by the mortgagees or their assignees, even as trustees for the original

mortgagors, for the amount not advanced, although the latter had credited their grantees with the whole amount on the purchase money.

In accordance with the former decision, the judgment must be affirmed, with costs.

[NEW YORK GENERAL TERM, May 2, 1865. *Ingraham, Clerke* and *Geo. G. Barnard*, Justices.]